UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-02394-SSS-DTBx                          Date: June 18, 2026

Title   _Janet Robinson v. Heritage Point and Heritage Place Community Association, et al._

Present: The Honorable:   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):  Order Dismissing Action Without Prejudice for Failure to Comply with Court Order**

On May 1, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). [Dkts. 1, 3].  Plaintiff, a homeowner, brought this action based on the alleged failure of Defendants, including her homeowners association, to reasonably accommodate her disability with a financial payment plan.  [Dkt. 1 at 4].

On May 13, 2026, the Court postponed a ruling on the IFP request and ordered Plaintiff to provide more information in 30 days.  [Dkt. 8].  First, the Court ordered Plaintiff to file another IFP request that was filled out completely and explained how here average monthly expenses were paid or, in the alternative, pay the filing fee.  [_Id_.]  Second, the Court ordered Plaintiff to file an Amended Complaint alleging, among other things, the nature of her disability and the type of accommodation she requested.  [_Id_.]  The Court noted that entities generally do not have to treat payment deadlines as non-binding merely because a litigant is disabled.  [_Id_.]  The Court warned Plaintiff that the failure to comply with the order would result in the dismissal of this action without prejudice.  [_Id_.]

On May 29, 2026, Plaintiff filed a second IFP request.  [Dkt. 12].  As of this date, however, Plaintiff has not complied with the Court's order to file an Amended Complaint.

A District Court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the Court's order.  _Agnew v. Moody_, 330 F.2d 868, 871 (9th Cir. 1964) (citing _Link v. Wabash R. Co._, 370 U.S. 626, 631 (1962)).  "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-02394-SSS-DTBx                                    Date: June 18, 2026

Title      *Janet Robinson v. Heritage Point and Heritage Place Community Association, et al.*

(5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.  Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").  Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

In sum, four of the five factors weigh in favor of dismissal.  Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED.